James William **JOSEY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Kenneth Eugene **JACKSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

Nos. 6882, 6888.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 12, 1954.

Decided Oct. 14, 1954.

Charles A. Somma, Richmond, Va. (James William Josey, pro se, on the brief), for appellants.

Lafayette Williams, Asst. U. S. Atty., Yadkinville, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BOREMAN, District Judge.

PER CURIAM.

These are appeals from orders denying motions made under 28 U.S.C. § 2255 to vacate and set aside sentences of imprisonment imposed upon defendants in March 1951 upon pleas of guilty to an indictment charging armed bank robbery. Both appeals are entirely without merit. Both appellants were represented by counsel and both make attacks upon the attorneys who represented them, but there is no substance in the attacks. Jackson was represented by an attorney whom he himself employed and Josey by an able and outstanding member of the bar appointed by the court to represent him. Both admitted their guilt of the crime charged and the record of their hearing shows that their rights were duly protected. Both appellants now claim that they were under eighteen years of age at the time of the commission of the crime and were consequently subject to the provisions of the Juvenile Delinquency Act; but no such question was raised on the hearing and it affirmatively appears from the evidence taken at that time that they were eighteen years or more of age. They claim that they did not understand that they were pleading guilty to the second count of the indictment which alleged that they put in jeopardy the lives of the officers of the bank by the use of a revolver; but they were represented by counsel who must be presumed to have known the nature of the charges to which the pleas of guilty were entered, and the evidence taken on the hearing shows clearly that they were guilty of the offense charged in the second count of the indictment as well as that charged in the first count.

Affirmed.